## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **JESSICA MARIE SHAW**<br>DEBTOR | **CHAPTER 7 BANKRUPTCY**<br>**CASE NO. 21-31893** |
| **JESSICA MARIE SHAW**<br>PLAINTIFF<br><br>vs.<br><br>**BRIDGECREST ACCEPTANCE CORPORATION**<br>DEFENDANT | **AP NO.** (Contained in the Filemark) |

### THE PLAINTIFF'S ORIGINAL COMPLAINT CONCERNING THE WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION; AND, RELATED RELIEF.

TO:   TO THE HONORABLE JEFFREY P NORMAN,
        UNITED STATES BANKRUPTCY JUDGE.

### THE PARTIES, PROPERTY AND GRAVAMEN
### INVOLVED IN THE ADVERSARY PROCEEDING.

1.      Jessica Marie Shaw ("Ms. Shaw") filed her no-asset Chapter 7 bankruptcy ("main case"), which has since been discharged.  She is the plaintiff in this adversary proceeding.  Ms. Shaw lives below the poverty level.

2.      Pre-petition, Ms. Shaw had purchased her 2016 Dodge Grand Caravan, VIN 2C4RDGBG4GR262599 ("Caravan") on credit terms.

3.      Bridgecrest Acceptance Corporation, and/or its related entities (Defendant"), financed or assumed the financing of the Caravan pre-petition.

Otherwise, Defendant was the secured creditor of the Caravan on the date Ms. Shaw filed her main case.

4.      Although Ms. Shaw initially stated her plan was to retain and reaffirm the Caravan when she filed, during the pendency of her main case she decided against it. Through her bankruptcy attorney, she informed Defendant of her intent to surrender the Caravan.

5.      Post-discharge, despite no reaffirmation agreement and being informed of her intent to surrender, Defendant debited $803.95 from Ms. Shaw's bank account. Defendant alleges that Ms. Shaw authorized the removal of funds and Ms. Shaw contends that she did not.  Defendant refused to return the funds.

6.      Kyle Payne ("Mr. Payne"), Ms. Shaw's bankruptcy attorney, drafted and mailed a demand to Defendant for the return of the funds but Defendant continues to refuse or has otherwise ignored the demand.

7.      In January, 2022 Defendant caused the Caravan to be repossessed.  The repossession of the Caravan is not objectionable, except that Ms. Shaw had personal property in the Caravan when it was taken.  Defendant has failed to provide a release to allow her to regain timely possession of her personal property.  This personal property includes medication prescribed to her and her children, which she cannot afford to replace.

8.      On January 18, 2022 Defendant sent to Ms. Shaw a document entitled Notice of Disposition and Our Plan to Sell Property.  The selling of the Caravan is not a

problem.  However, the Notice did not provide any instruction regarding the release of her personal property.  Further, although there were some general disclaimers, it advised Ms. Shaw that she would be held responsible for any deficiency in the sale of the Caravan.

## THE JURISDICTION AND AUTHORITY OF THE BANKRUPTCY COURT IN REGARD TO THE ADVERSARY PROCEEDING.

9.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334, as well as pursuant to the Southern District of Texas General Order 2012-6.  Venue is proper for this Court pursuant to 28 U.S.C. § 1409, and for the reason that the main case of Ms. Shaw was filed in this Bankruptcy Court.  This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157.  For the reason that this adversary proceeding arises under alleged violations of 11 U.S.C. §§ 524 and and/or 727, Ms. Shaw's causes of action are compensable pursuant to  11 U.S.C. § 105.  The subject matter of this adversary proceeding involves the "public rights".  As such, this Bankruptcy Court has a right to issue a final judgment in this case in accordance with the exceptions in *Stern v. Marshall*, 564 U.S. 462 (2011).  *Also see, In re DeRosa*, 544 B.R. 339, 362-364 (Bankr. S. D. Tex. 2016).  Should it be necessary, Ms. Shaw consents to the entry of a final order or judgment by this Court.  *Wellness Int'l Network LTD. v. Sharif*, 135 S. Ct. 1932, 1947 (May 26, 2015).   *Also*, *DeRosa* at 362-364.

## THE FACTUAL BACKGROUND IN SUPPORT OF MS. SHAW'S CAUSES OF ACTION.

10.    On or about November, 2018 Ms. Shaw purchased the Caravan on credit terms.  Defendant financed or assumed the financing of the Caravan.

11.    On June 7, 2021 Official Form 101 - Voluntary Petition for Individuals Filing Bankruptcy was uploaded on behalf of Ms. Shaw in the main case pursuant to 11 U.S.C. § 301(a).  (ECF 1)[1].  This petition constituted an order for relief pursuant to 11 U.S.C. § 301(b).

12.    The commencement of the main case created a bankruptcy estate, pursuant to 11 U.S.C. § 541, which included the Caravan.

13.    On June 7, 2021 a list of creditors was uploaded on behalf of Ms. Shaw in the main case pursuant to 11 U.S.C. § 521(a)(1)(A) and F. R. Bankr. P. 1007(a)(1).  (ECF  1).  The Matrix included Defendant at P.O. Box 29018, Phoenix, AZ 85038 ("matrix address").  The matrix address is a correct address.

14.    On June 7, 2021 bankruptcy schedules and statement of financial affairs were uploaded on behalf of Ms. Shaw in the main case pursuant to 11 U.S.C. § 521(a)(1)(B) and F. R. Bankr. P. 1007(b).  (ECF 1).  Therein:

    a.    Official Form 106A/B – Property - Part 2 - No. 3.1 - disclosed the Caravan.

    b.    Official Form 106C – The Property You Claim as Exempt – did not exempt the Caravan.

---

[1] "(ECF ___)", when used in this complaint, is intended to represent the corresponding document on the Docket Report as maintained by this Court on its ECF / PACER system in relation to the bankruptcy filed by Jessica Marie Shaw, Case No. 21-31893.

c. Official Form 106D – Creditors Who Have Claims Secured by Property – Part 1 - No. 2.1 - disclosed Defendant's secured claim on the Caravan in the amount of $14,686.00.

d. Official Form 106I – Your Income – informed that Ms. Shaw was living on Social Security and Food Stamps, was caring for two children, and lived on an income of less than $2,000.00 *per* month.

e. Official Form 106J - Disclosed that Ms. Shaw was to pay $491.00 per month on the Caravan.

f. Official Form 107 – Statement of Financial Affairs for Individuals Filing for Bankruptcy - disclosed the pre-petition payments made to Defendant on the Caravan debt.

15. Defendant is a creditor in the main case pursuant to 11 U.S.C. § 101(10).

16. The debt or claim of Defendant in the main case is prepetition in nature pursuant to 11 U.S.C. § 101(5). Further, the claim is secured with an interest in the Caravan.

17. On June 7, 2021 Official Form 108 – Statement of Intention for Individuals Filing Under Chapter 7 was uploaded on behalf of Ms. Shaw in the main case pursuant to 11 U.S.C. § 521(a)(2)(A). (ECF 1). Therein, Part 1 - No. 1 - stated Ms. Shaw's intent when filing her main case to reaffirm the Caravan.

18. On June 7, 2021 a Certificate of Credit Counseling, with a pre-petition date of May 24, 2021 , was uploaded on behalf of Ms. Shaw in the main case pursuant

to 11 U.S.C. § 521(b).  (ECF 2).  Pursuant to this and 11 U.S.C. § 109 the eligibility of Ms. Shaw to file the main case is determined.

19.    On June 8, 2021  Official Form 309A – Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline was uploaded in the main case pursuant to F. R. Bankr. P. 2002(a)(1) and BLR 2002-1(c).  (ECF 5).  According to the Bankruptcy Noticing Center ("BNC[2]") certificate of notice uploaded on June 10, 2021, the Notice was sent to Defendant at its preferred electronic address DVTM.COM.  (ECF 6).

20.    On June 9, 2021 Lilly Guzman ("Ms. Guzman") with Defendant sent an email to Mr. Payne, providing him with a reaffirmation agreement as to the Caravan.

21.    On June 16, 2021 Ms. Guzman again sent an email to Mr. Payne as to the reaffirmation agreement.

22.    On July 9, 2021 the Meeting of Creditors was held in the main case pursuant to 11 U.S.C. § 341.  Ms. Shaw attended the meeting pursuant to the requirement of BLR 2003-1(a).  The meeting was concluded.

23.    On July 9, 2021 the Trustee's Report of No Distribution was noted on the Docket Report in the main case.  Therein, she stated:

> "I report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the Debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named Debtor(s) has been fully administered. I

---

[2] The BNC, established by the Administrative Office of the U.S. Courts (AOUSC), provides a centralized process for preparing, producing, and sending bankruptcy court notices by mail or electronic transmission. http://ebn.uscourts.gov/

request that I be discharged from any further duties as trustee."

24.   On July 10, 2021 the Trustee uploaded her Notice of Proposed Abandonment.  (ECF 8).  It required an objection within 14 days from the date of the Notice.  According to the BNC certificate of notice uploaded on June 14, 2021, the Notice was sent to Defendant at its preferred electronic address dl-collectionsbankruptcyteam@drivetime.com.  (ECF 10).

25.   On July 21, 2021 the Certificate of Debtor Education was filed on behalf of Ms. Shaw in the main case.  (ECF 11).  Therefore, eligibility of Ms. Shaw to receive a discharge is not in question.

26.   On July 28, 2021 the deadline ran for the filing of an objection to the Trustee's Notice of Proposed Abandonment.  No objection was filed.

27.   On August 3, 2021 Mr. Payne emailed Defendant, through Ms. Guzman, wherein he advised that:  "My client decided to not reaffirm the debt."

28.   On August 4, 2021 Ms. Guzman, on behalf of Defendant, emailed Mr. Payne to inquire:  "Please advise What is there intentions going to be if they don't want to reaffirm?" (sic).

29.   On August 24, 2021 Mr. Payne, replied to Ms. Guzman's previous email to advise:  "Surrender the vehicle."

30.   On August 24, 2021 Ms. Guzman with Defendant responded to Mr. Payne's email to her on the same day:  "Thank you I will note customer intentions."

31.     On September 7, 2021 the deadline to object to discharge ran.   No objection was filed.

32.     On September 8, 2021 the Bankruptcy Court issued its Order of Discharge in the main case pursuant to 11 U.S.C. §§ 524, and 727.   (ECF  12).   According to the BNC certificate of notice uploaded on September 10, 2021, the Notice was sent to Defendant at its preferred electronic address DVTM.COM.   (ECF 14).

33.     On or about October 8, 2021 Defendant debited $803.95 from Ms. Shaw's bank account.

34.     Ms. Shaw attempted to handle this collection act herself directly with Defendant.   She called Defendant, advised it of the debit from her account, and demanded the funds be returned.   Defendant informed Ms. Shaw that she had authorized the post-discharge debit from her account.  Ms. Shaw did not.

35.     On November 23, 2021, Mr. Payne drafted and sent a demand letter to Defendant by fax at 866-895-3504 and USPS First Class mail to the matrix address. According to the fax confirmation report, Defendant received the fax.

36.     Also on or about November 23, 2021 Mr. Payne contacted Defendant by phone to demand the return of the debited funds from Ms. Shaw's bank account. During this phone call he was transferred to Defendant's bankruptcy department, but in the process he was disconnected.

37.     On or about January 18, 2022 Defendant repossessed the Caravan without notice.  At the time of the repossession various items of personal property were

in the Caravan.  Among the personal property included necessary medications for her and her children, which she could not get replaced.

38.    On January 18, 2022 Defendant drafted and sent to Ms. Shaw a document entitled Notice of Disposition and Our Plan to Sell Property concerning the Caravan.   Therein, Defendant advised her that it had repossessed the Caravan. Although the letter contained a general disclaimer about bankruptcy, it advised her: "The money we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference."  It also advised her:  "THIS IS AN ATTEMPT TO COLLECT A DEBT".  (Emphasis exact.)

39.    Ms. Shaw has tried to regain her personal property since the repossession of the Caravan, however, she has been told that Defendant has not, or will not, authorize the release.

40.    The post-discharge income or earnings of Ms. Shaw are not subject to payment of any debt or claim.

41.    Defendant does not have a lien on her personal property that was in the Caravan at the time it was repossessed.

42.    Defendant debited funds involuntarily from Ms. Shaw in payment of its prepetition claim.

43.    As a result of the above-described conduct of Defendant much frustration, anxiety and mental anguish or distress that is more than fleeting and inconsequential has resulted on the part of Ms. Shaw.  As a violation of her core bankruptcy rights, the violations have manifested themselves with Ms. Shaw in a number of manners.  These

include, but are not limited to, worry about the loss of necessary medications for her and her children.  She is impoverished, and the loss of money involuntarily debited from her bank account has cut into her family's necessities. She fears that Defendant will attempt to collect any deficiency from her.  She has suffered headaches; loss of sleep; anxiety; shock of conscience; impaired enjoyment of life; a sense of dread; a sense of failure; a lack or diminution of self-worth; a significant amount of stress; the feeling of harassment; low self-esteem; being ticked off; inability to concentrate adequately on family duties and obligations; and/or, a sense of embarrassment and discomfort that is greater than the general level of embarrassment and discomfort felt in filing bankruptcy or for the inability to pay a debt or bill.

## REQUEST FOR A FINDING THAT DEFENDANT HAS
## WILLFULLY VIOLATED THE DISCHARGE INJUNCTION.

44.    Ms. Shaw incorporates the averments, stated above, in support of this cause of action.

45.    The discharge of the bankruptcy of Ms. Shaw created an injunction prohibiting the collection of any pre-petition debt or claim from Ms. Shaw personally or individually pursuant to 11 U.S.C. § 524(a)(2) and/or (3) for which no exception exists pursuant to 11 U.S.C. § 524(b).

46.    The willful violation of the Discharge Injunction is compensable pursuant to 11 U.S.C. § 105.

## REQUEST FOR THE ENFORCEMENT OF THE ORDER, INJUNCTIONS
## AND/OR RULES PERTAINING TO MS. SHAW'S MAIN CASE.

47.    Ms. Shaw incorporates the averments, stated above, in support of her cause of action.

48.    Due to the conduct or action of Defendant, as described, it may become necessary for this Court to take action to enforce the injunctions, orders, Bankruptcy Code provisions and rules resulting from main case, including, but not limited to:

a.    Finding Defendant in contempt for failing to abide by the orders, injunctions, Bankruptcy Code provisions and rules pursuant to 11 U.S.C. § 105;

b.    Issuing any declaratory judgment to determine the threshold questions of law, facts, rights, claims, or debts of all parties to this adversary proceeding, the violations of Defendant, the jurisdiction of this Court and/or any actual controversy that may exist pursuant to 28 U.S.C. § 2201; and/or,

c.    Issuing any further or more specific injunctions to better define or curtail the acts or conduct of Defendant in the future pursuant to 11 U.S.C. § 105.

**REQUEST FOR AN AWARD OF DAMAGES.**

49.    An award of actual damages is required to cover:

a.    The value of any loss including, but not limited to, any out-of-pocket expenses or cost;

b.    The personal time of Ms. Shaw in participating and cooperating in this adversary proceeding through trial and any appeal;

    c.    The manifestations suffered as described in the Factual Background above which has resulted from the mental anguish of Ms. Shaw.

    d.    The attorneys' fees, costs and expenses of both Charles (Chuck) Newton and the law firm of Newtons.Law, and Kyle Payne and the law firm of Payne & Associates, PLLC in regard to this matter.

50.    An award of punitive damages is requested by Ms. Shaw pursuant to the United States Supreme Court precedent of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and other such decisions:

    a.    Defendant received fair notice of the possibility of an award of punitive damages.

    b.    As evidenced by her bankruptcy, the financial vulnerability of Ms. Shaw is evident.

    c.    The harm or injury inflicted on Ms. Shaw is more than economic in nature.

    d.    If the conduct or actions of Defendant is allowed to continue or succeed, the fresh start of Ms. Shaw will be further imperiled.

    e.    The injury in this case is hard to detect; and/or the monetary value of noneconomic harm is difficult to determine.

51.    Any award of damages should contain an award of prejudgment and post-judgment interest pursuant to the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Ms. Shaw that the Court will:

1.      Find that Defendant willfully and/or intentionally violated the provisions of the order of discharge issued in the main case;

2.      Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendant, the issuance of any declaratory judgment, and/or the issuance of any injunction;

3.      Sanction or award against Defendant all actual damages for all financial and non-financial harm or injury incurred by Ms. Shaw, as stated above;

4.      Sanction or award against Defendant and to Ms. Shaw punitive damages for the reasons stated above;

5.      Award prejudgment and post-judgment interest; and,

6.      Grant any and all other relief in equity or in law to which Ms. Shaw may be entitled.

Respectfully submitted,

**CHARLES NEWTON & ASSOCIATES**
**NEWTONS.LAW**
190 N. Millport Circle
The Woodlands TX 77382
Phone (281) 681-1170
Fax (281) 901-5631

_____
**CHARLES (CHUCK) NEWTON**
chuck@newtons.law

**JANE NEWTON**
jane@newtons.law
Texas Bar No. 14977700
SDTX Bar No. 27901
Phone (281) 681-1170, Ext. 102

**PATRICIA (PJ) NEWTON**
pj@newtons.law
Texas Bar No. 24099751
SDTX Bar No. 3137542
Phone (281) 681-1170, Ext. 103

Texas Bar No. 14976250
SDTX Bar No. 27900                       *Attorneys for the Plaintiff,*
                                         *Jessica Shaw*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Complaint was served on the following parties, not otherwise served by summons, via electronic means, if possible, otherwise by the means stated below:

Jessica Marie Shaw                       MAIL (No)
*Debtor | Plaintiff*                     FAX (No)
PO Box 841542                            EMAIL (Yes)
Houston, TX 77082

Kyle Kenneth Payne                       MAIL (No)
Payne & Associates, PLLC                 FAX (No)
*Atty. for the Debtor*                   EMAIL kyle@payne.associates
1225 North Loop West
Suite 550
Houston, TX 77008

DATED: February 8, 2022

**CHARLES (CHUCK) NEWTON**